FREDERICK BERENBROICK, Respondent, *against* GEORGE W. STEPHENS, Appellant.

(Decided April 7th, 1879.)

Where the payee of a note made to him for his accommodation endorses it over to one who takes it as collateral security, and advances upon it a sum of money less than the face thereof by a sum greater than the legal rate of interest upon the note for the time for which it has to run, and the endorsee subsequently sues the maker and endorsers on the note for the full amount thereof, this is not evidence that the note was discounted at an usurious rate of interest.

The holder of a note endorsed over to him as collateral security for the payment of a sum less than the face thereof can sue on the note and recover the face value thereof.

APPEAL from a judgment of the Marine Court of the city of New York, entered upon an order of the general term of that court, affirming a judgment entered upon a verdict for the plaintiff rendered by direction of that court at trial term.

The action, which was originally against Henry L. and Ethan A. Haven, endorsers, as well as Stephens, maker of certain promissory notes, was continued against Stephens, after default of the other defendants in answering.

The facts appear in the opinion.

*Foster & Stephens*, for appellant.

*M. L. Marks*, for respondent.

VAN HOESEN, J.—There is no doubt in my mind but that the court properly directed a verdict for the plaintiff. In *Agawam Bank* v. *Strever* (18 N. Y. 506) Judge Selden said:—"If a mere accommodation note, given for the purpose of being used as collateral security for a loan, and made payable to the party for whose accommodation it is given, be assigned to one who advances money upon the faith of it, the holder may bring suit and recover upon such note

whenever by its terms it is due, whether the money loaned has become due and payable or not; and may recover the whole amount specified in the note, although it may exceed the amount loaned." The defendant seems to suppose that if the borrower endorses the note which he gives as collateral security to the lender, and is afterwards sued by the lender as endorser upon the collateral note, the lender will incur the pains and penalties of usury if the note be for a larger amount than was borrowed. Upon this error was built the defendant's case, both in the court below.and on this appeal. If Judge Selden correctly stated the law, the judgment and order appealed from should be.affirmed. In the case of *The Agawam Bank* v. *Strever*, above cited, the borrowers were sued upon the note which had been made for their accommodation, and which they had used to raise money upon. It is true that no defense of usury was made in that case, but if such a defense had been interposed' it could not have been established by evidence which proved no more than that the lender was endeavoring to collect the money due him by suing the persons liable upon the collateral notes which the borrower had given him as security. Of course, the lender can collect from the borrower no more than he owes; and if he collects from the other parties to the note more than the borrower owes him he is at once liable to the borrower for the excess in an action for money had and received. The lender is not compelled to bring two separate actions—one against the borrower for money lent, and another against the parties to the accommodation note. If the borrower pays no more than he owes, it is a matter of no importance whether he be sued for money lent or as the endorser of a note; or whether he be sued alone or jointly with others liable on the note. The defendant pleaded usury, and all the evidence he offered to support the plea—aside from his own statement that the note was given for the accommodation of the Hazen Brothers—consisted of two judgment-rolls showing that the plaintiff had sued the parties to some note which the Hazen Brothers had given him in connection with the note in suit as collateral security for money lent them by

him, and that the Hazen Brothers had been made defendants in that suit. As I have said, the defendant regarded that as proof of usury. The judgment-rolls did not prove, or tend to prove, the taking of, or an agreement to take, usurious interest, and the judge properly excluded them. Besides, the very fact which the judgment-rolls, if admitted in evidence, would have proved appears upon the face of the complaint, for this action is against the Hazen Brothers and the defendant jointly. If suing the Hazen Brothers made out a case of usury the defense was conclusively established by the complaint in this action.

This disposes of the grounds of appeal. Upon the defendant's resting the plaintiff was entitled to a verdict, and even if the examination of the plaintiff, taken before trial, was improperly received in evidence it could not have injured the defendant.

The judgment and the order appealed from should be affirmed with costs.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed with costs.